USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

David Murray,

                    Plaintiff,

-against-

Montroy DeMarco Architecture LLP,

                    Defendant.

1:20-cv-03864 (GHW) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by Defendant Montroy DeMarco Architecture LLP, pursuant to Local Civil Rule 54.2, for Plaintiff David Murray to post a bond of at least $10,000 as security for costs.[1] (Def.'s Not. of Mot., ECF No. 25; *see also* Def.'s Mem., ECF No. 26, at 9.) This motion was brought after Plaintiff, who is represented by the Liebowitz Law Firm, PLLC, rejected a Rule 68 offer in this case alleging claims under the Copyright Act.

Courts in this District have split on the question of whether clients of the Liebowitz Law Firm should be required to post a bond under circumstances similar to those presented here. *Compare Mango v. Democracy Now! Prods.*, No. 18-CV-10588 (DLC), 2019 U.S. Dist. LEXIS 123550, 2019 WL 3325842 (S.D.N.Y. Jul. 24, 2019) (ordering plaintiff to post bond) *and Rice v. Musee Lingerie, LLC*, No. 18-CV-09130 (AJN), 2019 U.S. Dist. LEXIS 111487, 2019 WL 2865210 (S.D.N.Y. Jul. 3, 2019) (ordering plaintiff to post bond), *with Seidman v. Authentic Brands Grp. LLC*, 19-CV-08343 (LJL), 2020 U.S. Dist. LEXIS 70418, 2020 WL 1922375 (S.D.N.Y. Apr. 21, 2020) (denying

---

[1] Local Civil Rule 54.2 provides that the Court "may order any party to file an original bond for costs . . . in such an amount and so conditioned as it may designate." S. & E.D.N.Y.R. 54.2. "Courts have broad discretion in deciding whether a party should be required to post such a bond." *Beautiful Jewellers Private Ltd. v. Tiffany & Co.*, No. 06-CV-03085 (KMW) (FM), 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008) (citations omitted).

defendant's motion for a bond) *and Yllanes v. Lorraine Schwartz, Inc.*, No. 20-CV-03963 (JSR), 2020 U.S. Dist. LEXIS 165623 (S.D.N.Y. Sep. 10, 2020) (denying defendant's motion for a bond).

Like Judge Rakoff in *Yllanes*, I am not unsympathetic to Defendant's legitimate concerns that Mr. Liebowitz, who has been frequently sanctioned, has declined Defendant's Rule 68 offer because he is seeking to use the high costs of defense as leverage to force a settlement well in excess of Plaintiff's damages. *See Yllanes*, 2020 U.S. Dist. LEXIS 165623, at **1-2. However, I too agree with Judge Liman's well-reasoned opinion in *Seidman*. Thus, essentially for the same reasons as in *Seidma*n, I deny Defendant's motion for a bond.

**SO ORDERED.**

DATED:   New York, New York
         October 8, 2020

_____
STEWART D. AARON
United States Magistrate Judge